UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

In re

HENRY WARD, III and
MYRTHA J. WARD                           Case No. 05-14469-MAM-13

                    Debtors.

**ORDER SUSTAINING OBJECTION AND DISALLOWING CLAIM**

Donald A. Friedlander, attorney for debtors, Mobile, Alabama
Joy Minner, attorney for Green Tree - AL, LLC, Birmingham, Alabama

This matter came before the court on the debtors' objection to the claim of Green Tree -

AL, LLC.  The court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334

and by the Order of Reference of the District Court.  This matter is a core proceeding under §

157(b)(2) and the court has authority to issue a final order.  For the reasons indicated below, the

court is sustaining the debtors' objection and disallowing the claim.

FACTS

On December 16, 1998, Henry Ward executed a retail installment sales contract and

security agreement with Green Tree Financial for the purchase of a mobile home (loan #1).  On

December 4, 1999, Henry Ward cosigned with his son a separate contract and security agreement

with Conseco Finance to allow his son to purchase a mobile home (loan #2).  On October 31,

2002, Henry Ward signed an extension agreement with Conseco on loan #2.  Sometime

thereafter, Green Tree Financial purchased Conseco.  This merger gave Ward two separate

accounts with Green Tree.

At some point, the account for the son's mobile home, which Ward had co-signed,

-1-

became delinquent. Green Tree repossessed that mobile home on April 23, 2003. At the time of the foreclosure, the payoff on the loan was $65,068.50. On October 7, 2003, Green Tree sold the mobile home at auction for approximately $16,000.00. After applying the sale credit to the balance owed, a deficiency balance remained on the account for approximately $49,000.00. After the sale was completed and the deficiency balance was calculated, Green Tree removed this account from its active accounts file and placed it in a deficient accounts file. According to the testimony of Green Tree's representative, Tracy Dotson, deficiency accounts files are maintained by Green Tree at a different location than active accounts files. The deficiency accounts files are maintained in Green Tree's Tempe, Arizona location.

On August 18, 2005, the debtors, Henry and Myrtha Ward, filed a Chapter 13 bankruptcy. In their bankruptcy schedules the debtors listed both Green Tree and Conseco as creditors. In their creditor matrix they listed Green Tree at an address in Palatine, Illinois, which was the remittance address listed in the monthly billing statements the debtors received from Green Tree on their active account. The same billing statements from Green Tree also listed an address in St. Paul, Minnesota, but the debtors did not list this address on the matrix. Mr. Ward testified these were the only addresses for Green Tree of which he was aware. The Wards provided two separate addresses for Conseco – one in Minneapolis, Minnesota, and one in Crazy Horse, South Dakota. On August 17, 2005, the bankruptcy court sent notice to all of the Ward's listed creditors, informing them that the first date set for the debtors' § 341 meeting of creditors was September 15, 2005, and the deadline for creditors to file a proof of claim was December 18, 2005. The court's records show that notice was sent to Green Tree at the Palatine, Illinois address and to Conseco at both the Minneapolis and Crazy Horse addresses.

-2-

Green Tree filed a secured claim in the Ward's bankruptcy case on September 12, 2005, in the amount of $7,333.29. In filing this claim Green Tree listed its address as Rapid City, South Dakota. After the December 18, 2005 deadline for filing proof of claims had passed, Green Tree filed two additional claims. On January 10, 2006, Green Tree filed a claim for $52,072.56 for the unsecured deficiency balance remaining on the account Ward had co-signed with his son (loan #2). For this claim, Green Tree listed its address as Tempe, Arizona. On March 15, 2006, Green Tree filed a secured claim of $1,431.22 from its Palatine, Illinois address. This claim was for the arrearage on the debtors' active account (loan #1).

The Wards objected to the January 10, 2006 claim filed by Green Tree on the basis that it was an unsecured claim untimely filed after the deadline. As such, the debtors argue, it should be disallowed. Green Tree does not dispute that the claim is unsecured or that it was filed after the deadline. Instead, it argues that it did not receive proper notice of the bankruptcy or the deadline and therefore, should not be bound by the deadline. Green Tree asserts that the Tempe, Arizona address from which the unsecured claim was filed was the proper address for deficiency accounts. Green Tree asserts that the debtors were aware of the Arizona address prior to their bankruptcy filing and should have listed this address. Since the debtors did not list the Arizona address, Green Tree argues that it did not get proper notice and should not be barred by the filing deadline.

In response, the debtors assert that Green Tree had notice of the bankruptcy because the court sent it (or Conseco) notice to three separate addresses. In addition, Green Tree filed a claim from the Illinois address listed and timely filed a claim from a Rapid City, South Dakota address that the debtors did not list. The debtors argue this is proof that Green Tree had actual

notice of the bankruptcy in time to file a timely proof of claim. Dotson did acknowledge that notice was sent to Green Tree at its Palatine, Illinois address and that notice was sent to two separate addresses for Conseco, but stated that in Green Tree's internal system, a bankruptcy notice received by Green Tree on an active account would not necessarily put Green Tree on notice as to a deficiency account because such accounts are maintained differently.

The debtors also objected to the deficiency claim because, they argue, the claim was not properly documented, notice of the sale of the mobile home was not properly given, and that the sale was unreasonable. Green Tree's representative, Dotson, testified that Green Tree's records reflect that notice of the foreclosure and the subsequent sale was sent to Ward at the address listed on the account, which was the physical address of the mobile home, not the debtors' address. Dotson also testified that, as co-borrowers, the notice would have had Henry Ward's name on it, as well as his son's because both names were on the account. Dotson further testified that the selling of the repossessed mobile home at auction conformed with the reasonable and customary sale of repossessed mobile homes in Green Tree's line of business. On the other hand, Ward testified that he never received notice of the foreclosure and sale. But Ward acknowledged that if the notice was sent to the physical address of the mobile home, he would not have gotten it because he did not live there. Ward did not know if his son received the notice, but testified that if his son did get it, he did not inform Ward of it.

LAW

*If Green Tree did not get proper notice, should the*
*untimely filed unsecured claim be allowed?*

The resolution of this matter is governed by § 502(b)(9) of the Bankruptcy Code, and by

-4-

Rule 3002(c) and Rule 9006(b)(3) of the Federal Rules of Bankruptcy Procedure. Specifically, §

502 provides, in pertinent part:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.
> (b) Except as provided in subsections (e)(2), (f), (g), (h), and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim . . . in such amount, except to the extent that –
> . . . . .
> (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), of (3) of section 726(a) of this title or under the Federal Rules of Bankruptcy Procedure, . . . .

11 U.S.C. § 502(b)(9). Section 502(b)(9) states that untimely claims that are objected to are not

allowed, unless they meet one of the exceptions in § 726(a). *Id.* As the debtors in this case have

filed a Chapter 13 bankruptcy, neither section 726(a), nor the exceptions within, apply to this

case. *See* 11 U.S.C. § 103.

The time for filing claims under Chapter 13 cases is governed by Rule 3002(c) and Rule

9006(b)(3) of the Federal Rules of Bankruptcy Procedure. Rule 3002(c) states:

> (c) TIME FOR FILING. In a . . . chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:
> . . .

Fed.R.Bankr.P. 3002(c). The Rule then lists five specific exceptions to the 90-day deadline for

filing claims. The five exceptions relate to (1) claims by a government unit, (2) claims by an

infant or incompetent person, (3) claims arising from a postpetition judgment against the

claimant, (4) claims arising from the postpetition rejection of an executory contract or unexpired

lease, and (5) claims in a Chapter 7 case in which a "notice of no dividend" had previously been

issued. *See id.* Lack of notice or insufficient notice is not one of the exceptions under Rule

Case 05-14469    Doc 44    Filed 07/07/06    Entered 07/07/06 13:13:57    Desc Main
Document        Page 5 of 7

3002(c) for filing a claim within the 90-day deadline. *Id.*

Additionally, Bankruptcy Rule 9006 sets forth when certain time limits can be enlarged. Rule 9006, entitled "time" states, in relevant part:

> (b) ENLARGEMENT.
> . . .
> (3) ENLARGEMENT LIMITED.  The Court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), . . . only to the extent and under the conditions stated in those rules.

Fed.R.Bankr.P. 9006(b)(3).  Pursuant to Rule 9006(b)(3), the time period set forth in Rule 3002(c) for filing a proof of claim, can only be enlarged under the conditions stated in Rule 3002(c).  *Id.*  As stated above, there are only five situations in which the time period for timely filing a proof of claim can be enlarged, and lack of notice or improper notice is not one of the five.  Fed.R.Bankr.P. 3002(c); Fed.R.Bankr.P. 9006(b)(3).  Therefore, "the combined effect of § 502(b)(9), Rule 9006(b)(3), and Rule 3002(c) is to prohibit the filing of late claims in Chapter 13 cases over an objection, except under the narrowly defined circumstances listed in the Rule [3002(c)]."  *In re Jensen*, 333 B.R. 906, 908 (Bankr. M.D. Fla. 2005).

Even if a creditor did not get proper notice § 502(b)(9) and Rule 3002(c) require that late filed claims in Chapter 13 cases must be disallowed if objected to.  *See In re McNeely*, 309 B.R. 711, 714 (Bankr. M.D. Pa. 2004). ( "Section 502(b)(9) and Rule 3002(c) clearly provide that a tardy claim, even if filed late through no fault of the claimant is disallowed in a Chapter 13 case.");  *In re Windom*, 284 B.R. 644, 646 (Bankr. E.D. Tenn. 2002) ("Together, § 502(a) and Rule 3002(c) operate as a 'strict statute of limitations.'  Bankruptcy courts are therefore without the authority to extend the deadline and allow an untimely filed proof of claim [in a Chapter 13 case] over an objection, under legal or equitable grounds, and even absent proper notice of the

bankruptcy filing or the bar date for filing proofs of claims."). Bankruptcy courts in the Eleventh Circuit have reached the same result. *See In re Durham*, 329 B.R. 899, 902 (Bankr. M.D. Ga. 2005) ("The court cannot allow an untimely proof of claim in a Chapter 13 case unless one of the exceptions set forth in Rule 3002(c) is met."); *In re Curenton*, 205 B.R. 967, 970 (Bankr. M.D. Ala. 1995) ("Rule 3002(c) provides clear language that a claim must be filed within 90 days of the first setting of the §341 meeting of creditors. As such, this rule is a strict statute of limitations. Insufficient notice is no defense to the late filing of a claim.") (Citations omitted).[1]

Following the clear language of § 502(b) and Rule 3002(c) and the rationale of the cases cited above, the court will sustain the debtors' objection and disallow Green Tree's late filed unsecured claim. Based on this finding, the court does not need to address Green Tree's improper notice argument. *See In re Curenton*, 205 B.R. at 970. Likewise, the debtors' other grounds for objecting to the claim will not be considered.

**THEREFORE IT IS ORDERED:**

1) The debtors' objection to Green Tree's late filed unsecured claim is **SUSTAINED**;

2) Green Tree's unsecured claim filed on January 10, 2006, in the amount of $52,072.56 is **DISALLOWED**.

Dated:   July 7, 2006

*Margaret A. Mahoney*
MARGARET A. MAHONEY
U.S. BANKRUPTCY JUDGE

---

[1] The disallowance of an untimely filed claim does not leave creditors without a potential remedy. If a creditor did not receive notice of a debtor's bankruptcy in time for it to timely file a proof of claim because it was not properly listed or scheduled by the debtor, the creditor can seek to have the debt excepted from discharge under § 523(a)(3). The court is not making a determination on whether Green Tree received proper notice or had actual knowledge of the debtors' bankruptcy in time to file its proof of claim, but merely pointing out that the Code provides a remedy for late filed claims if the creditor does not have notice of the bankruptcy.